John D. Vaughn, State Bar No. 171801
Christopher W. Rowlett, State Bar No. 257357
PEREZ VAUGHN & FEASBY
600 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.702.8044
Facsimile: 619.460.0437
E-Mail: vaughn@pvflaw.com

Peter R. Rosenzweig, *pro hac vice* admission pending
KLEINBARD LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: 267.4433.4120
Facsimile: 215.568.0140
E-Mail: prosenzweig@kleinbard.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN ALDRIDGE, an individual; and GERMAIN PARRA, an individual. | Case No. |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| v. | |
| TECHNOLOGY AND SUPPLY MANAGEMENT, LLC a Virginia Limited Liability Company; SCOTT J. NOVAK, an individual, and DOES 1-100 | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs Van Aldridge and Germain Parra, allege as follows:

## NATURE OF THE ACTION

1.      Defendant Technology and Supply Management, LLC ("TASM") is a defense contractor headquartered in Fairfax, Virginia.  In addition to Virginia, it has operations in Maryland, California, Arizona, Texas and overseas.

2.      Defendant Scott J. Novak ("Novak") is an adult individual who, upon information and belief, is a citizen of the state of Missouri and resides in Forsyth, Missouri.  At all times relevant hereto, Novak has been employed by TASM as the Director of Operations and has acted in the capacity of officer or agent of TASM.

3.      Plaintiffs, who worked for TASM in California and Arizona, bring claims for payment of unpaid overtime compensation, accrued but unused paid time off, restitution, statutory penalties, civil penalties, liquidated damages, treble damages, meal and rest break premium payments, interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the California Labor Code (the "Labor Code"), and the Arizona Wage Act ("AWA").

4.      Plaintiffs were not paid full wages for all hours worked or overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were employed for work performed beyond the forty (40) hours per workweek or eight (8) hours per day, as required by the FLSA and the Labor Code. Further, Plaintiffs were not paid for their accrued but unused paid time off upon termination of their employment pursuant to the AWA.

5.      Plaintiffs bring these claims against their former employers, TASM and Novak, who together are individually and jointly liable as a single enterprise (together, the "Defendants').

## JURISIDCTION AND VENUE

6.      The FLSA authorizes claims by private parties to recover damages for violations of its wage and hour provisions.  Jurisdiction over this action is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  In addition, there is diversity

jurisdiction pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' related California and Arizona state law claims as set forth below in the Second through Tenth Causes of Action.

8. Defendants are subject to personal jurisdiction in this District as they did business in this District and employed Plaintiffs in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

## THE PARTIES

**A.  Plaintiffs**

10. Plaintiff Van Aldridge is a citizen of Arizona residing in Yuma, AZ.

11. Plaintiff Aldridge commenced employment with TASM in June 2015 as a Logistician and remained there until his Supervisor—Novak—informed him that his position would be eliminated on August 28, 2017.

12. Some of Plaintiff Aldridge's work for Defendants was performed in California and some was performed in Arizona.

13. Between in or about October 2015 and March/April 2016, Plaintiff Aldridge worked primarily at TASM's facility in Point Mugu, CA.

14. From in or about March/April 2016 until his employment was involuntarily terminated in August 2017, Plaintiff Aldridge worked at TASM's facility in Yuma, AZ.  When Plaintiff Aldridge was hired, TASM provided no information about the exemption status of his position for purposes of eligibility for overtime compensation.

15. Plaintiff Aldridge was employed by Defendants as an "employee" as that term is defined by Section 203 of the FLSA, as that term is defined and

interpreted pursuant to the Labor Code, and as the term is defined and interpreted pursuant to the AWA.

16.     Plaintiff Germain Parra is a citizen of California residing in Santa Rosa, CA.

17.     Plaintiff Parra commenced employment with TASM in February 2016 as Camera Repair Tech and remained there until his Supervisor—Novak—informed him that his position would be eliminated on August 28, 2017.

18.     Some of Plaintiff Parra's work for Defendants was performed in California and some was performed in Arizona.

19.     Between in or about February 2016 and April 2016, Plaintiff Parra worked at TASM's facility in Point Mugu, CA.

20.     From in or about April 2016 until his employment was involuntarily terminated in August 2017, Plaintiff Parra worked at TASM's facility in Yuma, AZ.

21.     When Plaintiff Parra was hired, Defendants provided no information about the exemption status of his position for purposes of eligibility for overtime compensation.

22.     Plaintiff Parra was employed by Defendants as an "employee" as that term is defined by Section 203 of the FLSA, as that term is defined and interpreted pursuant to the Labor Code, and as the term is defined and interpreted pursuant to the AWA.

**B.     Defendants**

23.     On information and belief, TASM is a Limited Liability Company organized under the laws of the Commonwealth of Virginia.   Its headquarters/principal executive office is located at 3877 Fairfax Ridge Road, Ste 110N, Fairfax, VA 22030.

24.     TASM is a defense contractor that contracts with the U.S. military and other public and private organizations to provide logistics support including transportation services.

25.     TASM provides services to the U.S. Navy and U.S. Army in connection with the Persistent Ground Surveillance Systems ("PGSS") Program. Those services include logistics and maintenance support for the Aerostat—a tethered implementation utilized for surveillance projects.

26.     On information and belief, TASM employs its employees out of its Fairfax, Virginia headquarters.

27.     On information and belief, TASM directs its employees on the PGSS Program to perform services in California, Arizona, Texas and locations abroad.

28.     At all times relevant hereto, Defendants have been an "employer" covered by the FLSA, the Labor Code, the applicable California Industrial Welfare Commission Order ("IWC Wage Order"), and the AWA.

29.     At all times relevant hereto, Novak has been TASM's sole Director of Operations for the PGSS Program and, in that role, managed and supervised all employees working on that Program including Plaintiffs.

30.     At all times relevant hereto, Novak has acted directly in the interest of TASM in relation to the employees including Plaintiffs.

31.     As the Director of Operations for TASM overseeing the entire PGSS Program, both stateside and abroad, Novak exerts sufficient control over this aspect of TASM's operations.

32.     In his role as the Director of Operations, Novak had and continues to have extensive managerial responsibilities and substantial control over the terms and conditions of the work of PGSS Program employees including Plaintiffs.

33.     According to TASM's Chief Operating Officer—Marina Burgstahler—Novak manages all of the PGSS Program operations including the operations of Aerostats at all of TASM's locations stateside and abroad.  In his upper-level, management role, Novak:

a.     recruits and hires employees to work on the PGSS Program for work in both the U.S. and abroad;

b. determines and authorizes their starting salaries;

c. drafts and approves workplace policies and procedures;

d. sets the employees' schedules and work shifts;

e. assigns employees to their work locations;

f. assigns employees to their work shifts and directs their work;

g. has responsibility for approving employees' requests for time off;

h. schedules and participates in mandatory work-related conference calls along with certain PGSS Program employees;

i. visits the various work sites to speak with the employees, observe their work, and communicate with the government representatives on behalf of TASM;

j. evaluates the employees' job performance;

k. prepares and completes Employee Data Change Forms;

l. reviews and approves changes to the employees' (i) pay; (ii) work schedules; (iii) work locations; (iv) FLSA status of exempt or non-exempt; (v) pay increases and Cost of Living Allowance increases; and (vi) promotions;

m. has direct communication with TASM's President and COO about the PGSS Program and the employees including Plaintiffs; and

n. is involved in the decisions of whether and when to pay Plaintiffs their accrued but unused paid time off.

34. Plaintiffs do not know the true names or capacities of defendants sued herein as DOES 1 through 100, inclusive, and will amend their Complaint toward the same as soon as ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named defendants was in some manner legally responsible for unlawful actions, unlawful policies, and unlawful practices complained of herein.  Plaintiffs will amend their Complaint to set forth the true names and capacities of said defendants, along with appropriate charging allegations

when the same have been ascertained.

35.    On information and belief, at all times mentioned herein, each and every defendant, including the Doe defendants, was the owner, agent, principal employee, employer, master, servant, partner, franchiser, or joint-venturer of each of his or her co-defendants, and in doing the actions described below was acting within the scope of his or her authority in such ownership, agency, employment, service, partnership, franchise, or joint venture and with the permission and consent of each co-defendant.  Each of said defendants, including the Doe defendants, is therefore liable under the law, specifically including, but not limited to, the doctrine of respondeat superior and the law of agency, the acts, omissions, and injuries inflicted upon and likely to be inflicted upon plaintiff and other members as described herein.

36.    All defendants, including the Doe defendants, will collectively be referred to herein as "Defendants."

## GENERAL ALLEGATIONS

37.    Plaintiff Aldridge began to work for Defendants on the PGSS Program in June 2015 and Plaintiff Parra began to work on the Program in February 2016. The period extending back to June 2015 will be referred to herein as the "Look-Back Period."

38.    On information and belief, during the Look-Back Period, Defendants improperly classified Plaintiffs as "exempt" from the requirements of the FLSA, thereby denying them proper wages and overtime compensation for hours worked in excess of forty per workweek, as required by the FLSA and the Labor Code.

39.    In the alternative, if during the Look-Back Period, Defendants classified Plaintiffs as "non-exempt" from the requirements of the FLSA and the Labor Code, they willfully failed to pay them proper wages and overtime compensation for hours worked in excess of forty per workweek, as required by the FLSA and the Labor Code.

/ / /

40.     In typical workweeks, with the knowledge, permission, and mandate of their superiors and management, Plaintiffs worked forty hours, worked extra hours during such forty-hour workweeks, worked more than eight hours in a single day, were not given required meal and rest breaks, and were not properly compensated for extra hours beyond forty hours per workweek and eight per day.

41.     Within the Look-Back Period, Plaintiffs typically worked forty hours each workweek, worked extra hours during such forty-hour workweeks, worked more than eight hours in a single day, were not provided required meal and rest breaks, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour workweeks and eight per day.

42.     The precise numbers of hours worked by Plaintiffs and compensation for same are presently within the sole control of Defendants.

43.     For each workweek, Plaintiffs recorded their hours worked in TASM's electronic timekeeping system.

44.     TASM's timekeeping system will show the many workweeks during which Plaintiffs worked forty hours, worked extra hours during such forty-hour workweeks, worked more than eight hours in a single day, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour workweeks and eight per day.

45.     TASM's payroll records will show that Plaintiffs were not properly paid for the extra hours in excess of forty per workweek for the many workweeks during which they worked more than forty hours, were not properly paid for the extra hours in excess of eight per day for the many days they worked more than eight hours, were not provided or compensated for required meal and rest breaks, and were not paid all accrued but unused paid time off upon termination of their employment.

46.     As a result of Defendants' willful failure to record/report the full amount of time Plaintiffs worked and to compensate them for such time, Defendants

failed to make, keep, and preserve accurate records with respect to Plaintiffs sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA and the Labor Code.

47.     On information and belief, Defendants' unlawful conduct detailed in this Complaint was pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA, the Labor Code and the AWA.

48.     Plaintiffs suffered injury and were negatively affected in a similar fashion as a result of the above-described policies and practices of Defendants.

49.     Upon their involuntary termination on August 28, 2017, Plaintiffs Aldridge and Parra were not paid all of the wages they earned, including without limitation overtime compensation, premiums for missed meal and rest breaks, payout of accrued but unused paid time off, and the penalties and liquidated damages associated therewith.

50.     On information and belief, Defendants committed the above-described federal and state wage and hour law violations as a result of their own improper classification of Plaintiffs as "exempt," when they should have been classified as non-exempt under the FLSA and the Labor Code.

51.     Plaintiffs did not fit into any exemption under the FLSA and the Labor Code, therefore, any classification of them as exempt from overtime compensation was improper and violated those statutes.

52.     As a Logistician, Plaintiff Aldridge worked extraordinarily long work hours performing routine, manual tasks.  More specifically, he:

     a.     handled inventory including the sorting and consolidation of equipment and supplies;

     b.     updated the inventory in the tracking system;

     c.     received and shipped gear and equipment;

     d.     moved equipment in support of program demos and in support of active programs; and

e.      assisted in setting up equipment and supporting demos and active programs.

53.      As a Camera Repair Tech, Plaintiff Parra worked outside in the field on the camera turrets.  More specifically, he:

a.      made a spreadsheet of all turrets at the site;

b.      put together a procedure to validate that the turrets were working properly;

c.      performed basic field repairs on the turrets;

d.      set up and maintained a camera shop which included all tools, monitors and the computer system that tested if the turrets were working;

e.      performed basic field repairs on the generators; and

f.      communicated with the government lead about the camera systems.

54.      Plaintiffs did not manage the enterprise.

55.      Plaintiffs did not customarily or regularly supervise or direct the work of other full-time employees, nor did they have any authority to hire or fire other employees.

56.      Plaintiffs did not perform office or non-manual work directly related to the management or general business operations of TASM.

57.      Plaintiffs' primary job duty did not include the performance of work requiring advanced knowledge.  Knowledge possessed by Plaintiffs and utilized for their work was not in a field of science or learning, nor was it acquired by a prolonged course of specialized intellectual instruction.

58.      Plaintiffs did not perform work typically associated with computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field.  Further, Plaintiffs' primary job duty did not include the design, development, and/or creation of computer systems or programs.

/ / /

59.     Defendants intentionally and repeatedly misrepresented the true nature of compensation to Plaintiffs, thereby failing to disclose and consciously concealing their true non-exempt status under the FLSA and Labor Code, and their entitlement to receive full wages and overtime compensation for their work. On information and belief, those actions were deliberately taken to avoid any questions by Plaintiffs regarding their entitlement to fair and full compensation for their work. Plaintiffs relied upon Defendants' misrepresentations. As a direct and proximate result, Plaintiffs were unable to determine their true status under the FLSA and Labor Code by the exercise of reasonable diligence.

60.     Defendants did not research and/or obtain guidance concerning the proper compensation owed to Plaintiffs nor did they make a good faith effort to comply with the FLSA, Labor Code, and AWA with respect to their compensation of Plaintiffs.

61.     As a direct and proximate result of Defendants' unlawful acts, Plaintiffs suffered damages by being deprived of wages, overtime compensation and payment for accrued but unused paid time off in amounts to be determined at trial, and are entitled to recovery of such amounts, interest, liquidated damages, treble damages, restitution, available statutory penalties, attorneys' fees and costs.

## **DAMAGES**

62.     As a direct, foreseeable, and proximate result of the above-described illegal conduct, Defendants are individually and jointly liable as a single enterprise to Plaintiffs for unpaid wages, accrued but unused paid time off, overtime compensation, interest, liquidated damages, treble damages, restitution, available statutory penalties, attorneys' fees and costs, the precise amounts of which will be proven at trial.

/ / /

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**UNPAID OVERTIME**

**(In Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

63.    Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

64.    At all times relevant hereto, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.  At all times relevant hereto, Defendants employed Plaintiffs as "employee[s]."  At all times relevant hereto, Defendants have had gross operating revenues in excess of $500,000.

65.    Section 7 of the FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

66.    Defendants improperly classified Plaintiffs as exempt from the requirement to be paid overtime wages in violation of the FLSA.

67.    In the alternative, if during the Look-Back Period, Defendants classified Plaintiffs' positions as "non-exempt" from the requirements of the FLSA, they failed to pay Plaintiffs at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

68.    During the course of employment for Defendants including, but not limited to, when everything was being moved from CA to AZ and when a demo site was being set up in AZ, Plaintiffs worked more than forty (40) hours per workweek. Defendants required and permitted Plaintiffs to work in excess of forty (40) hours per workweek.

69.    At all times relevant hereto, Defendants had a policy and practice of not paying Plaintiffs at the rate of not less than one and one-half times their respective regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

70.    By failing to compensate Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA.

71.    At all times relevant hereto, Defendants' violations have been willful because, among other reasons, Defendants have had actual and/or constructive knowledge of Plaintiffs working overtime hours for which they have not been compensated at the rate of not less than one and one-half times their respective regular rates of pay.

72.    By requiring Plaintiffs to consistently work in excess of forty hours in many workweeks without proper overtime compensation, Defendants either knew that their conduct violated the FLSA or showed a reckless disregard for whether their conduct complied with the FLSA.

73.    Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

74.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recover damages in the amount of unpaid overtime compensation, interest, liquidated damages, attorneys' fees and costs, as provided by the FLSA, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION

### (In Violation of Cal. Lab. Code §§ 510, 1194, 1198; IWC Wage Order No. 4)

75.    Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

76.    During the Look-Back Period, Plaintiffs worked ten (10) hour days and, at times, in excess of forty (40) hours per workweek. The precise number of overtime hours will be determined at trial.

77.     Despite the hours worked by Plaintiffs, Defendants willfully, in bad faith, and in knowing violation of the Labor Code, failed and refused to compensate Plaintiffs for all of the overtime wages earned.

78.     At all times relevant hereto, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the Labor Code including, but not limited to, Labor Code §§ 510, 1194, and 1198.

79.     Labor Code § 510 provides, in pertinent part:

> "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

80.     Labor Code § 1194 provides, in pertinent part:

> "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit."

81.     Labor Code § 1198 provides, in pertinent part:

> "[t]the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

82.     IWC Wage Order No. 4 applies to Plaintiffs.  At all times relevant hereto, IWC Wage Order No. 4 has provided, in pertinent part:

> "(a) an employee who works more than forty hours in a week must receive overtime compensation at the rate of one and one-half times his or her regular hourly rate for each overtime hour worked; and (b) an employee who works more than eight hours in a day must receive overtime compensation at the rate of one and one-half times his or her regular hourly rate for hours worked in excess of eight hours per day and at a rate of two times his or her hourly rate for hours worked in excess of twelve hours per day."

83.   During the Look-Back Period, in violation of IWC Wage Order No. 4 and provisions of the Labor Code, Defendants misclassified Plaintiffs as exempt and refused to compensate them for overtime wages they earned.   Specifically, Defendants failed and refused to pay Plaintiffs one and one-half times their regular rate of pay for all hours worked in excess of eight (8) up to and including twelve (12) in any workday, and for the first eight (8) worked on the seventh consecutive day of work in a workweek.   Defendants also failed and refused to pay Plaintiffs double their regular rate of pay for all hours worked in excess of twelve (12) in any workday and for all hours worked in excess of eight (8) on the seventh consecutive day of work in a workweek.

84.   In the alternative, during the Look-Back Period, in violation of IWC Wage Order No. 4 and provisions of the Labor Code, Defendants classified Plaintiffs as "non-exempt" but refused to compensate them for overtime wages they earned.   Specifically, Defendants failed and refused to pay Plaintiffs one and one-half times their regular rate of pay for all hours worked in excess of eight (8) up to and including twelve (12) hours in any workday, and for the first eight (8) worked on the seventh consecutive day of work in a workweek.   Defendants also failed and refused to pay Plaintiffs double their regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) on the seventh consecutive day of work in a workweek.

85.     By refusing to compensate Plaintiffs for overtime wages earned, Defendants violated those Labor Code provisions cited herein as well as IWC Wage Order No. 4.

86.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be determined at trial, and are entitled to recover their unpaid overtime and double time compensation, including interest thereon, pursuant to Labor Code § 1194(a).  Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to Labor Code § 1194(a).

## **THIRD CAUSE OF ACTION**

### **FAILURE TO PROVIDE MEAL PERIODS**

**(In Violation of IWC Wage Order No. 4; Cal. Lab. Code §§ 226, *et seq.,* 512)**

87.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

88.     At all times relevant hereto, Defendants were aware of, and under a duty to comply with Labor Code §§ 226.7 and 512.

89.     Labor Code § 226.7 provides, in pertinent part:

> "(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

90.     Moreover, Labor Code § 512 provides, in pertinent part:

> "An employer may not employ an employee for a work period of more than five hours per day without

> providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.   An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

91.    Sections 11 and 12 of IWC Wage Order No. 4 mandate that the employer provide all applicable meal periods to non-exempt employees.

92.    Section 11 of the applicable IWC Wage Order provides, in pertinent part:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes … Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.
>
> If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

93.    Defendants had a policy of not providing Plaintiffs with lawful meal periods.  Defendants did not provide Plaintiffs with a written meal period policy or otherwise inform them of their entitlement to an uninterrupted, thirty-minute meal period within the first five hours of each work day.

/ / /

/ / /

94.     Plaintiffs consistently worked eight (8) hours or more per day but were not provided an uninterrupted, thirty-minute meal period within the first five hours of work each day.

95.     Plaintiffs consistently worked ten (10) hours per day but were not provided a second uninterrupted, thirty-minute meal period.

96.     By failing to consistently provide Plaintiffs an uninterrupted, thirty-minute meal period within the first five hours of work each day and a second uninterrupted, thirty-minute meal period during the ten (10) hour work day, Defendants violated the Labor Code and the provisions of IWC Wage Order No. 4.

97.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have sustained damages, including loss of compensation resulting from missed meal periods, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST BREAKS

**(In Violation of IWC Wage Order No. 4; Cal. Lab. Code §§ 226, *et seq.*)**

98.     Plaintiffs re-allege and incorporate by reference preceding paragraphs as though they were fully set forth herein.

99.     At all times relevant hereto, Defendants were aware of, and under a duty to comply with Labor Code § 226.7 and Section 12 of IWC Wage Order No. 4.

100.    At all times relevant hereto, Labor Code § 226.7 has applied and continues to apply to Plaintiffs' employment with Defendants.  Labor Code § 226.7 states "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

101.    Section 12 of IWC Wage Order No. 4 provides, in pertinent part:

> "(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest

time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this IWC Wage Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

102.   Defendants had a policy of not providing Plaintiffs with lawful rest periods.  Defendants did not provide Plaintiffs with a written rest period policy or otherwise inform them of their entitlement to a rest period every four hours or major fraction thereof.

103.   Plaintiffs regularly worked ten (10) hour days but were denied a rest period every four hours or major fraction thereof.

104.   Defendants failed to authorize and permit Plaintiffs to take adequate rest periods as required by law.  Plaintiffs are therefore entitled to payment of additional wages as provided by law.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE AT TERMINATION

#### (In Violation of Cal. Lab. Code §§ 201, 203)

105.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

106.   Labor Code § 201 provides that an employer is required to provide an employee who is terminated all accrued wages and compensation at the time of termination.

/ / /

107.   Under Labor Code § 203, if an employer willfully fails to pay such wages, for every day that final wages or any part of the final wages remain unpaid, the employer is liable for a penalty equivalent to the employees daily wage, for a maximum of thirty (30) days.

108.   Plaintiffs were employed by Defendants during the Look-Back Period and were thereafter terminated from their positions, yet they were not paid all wages due upon termination.  Defendants willfully failed and refused to pay these persons at the time of termination as required under California state law.

109.   As a direct and proximate result of Defendants' willful conduct in failing to pay Plaintiffs for all hours worked, Plaintiffs are entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant to Labor Code § 203, in an amount to be determined at trial, together with interest thereon, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF THE UNFAIR COMPETITION LAW

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

110.   Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

111.   Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL") prohibits "unfair competition" in the form of any unlawful, unfair, or fraudulent business act or practice.

112.   Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this action, Defendants have engaged in unfair competition as defined by the UCL by, and as further described above:

a.   failing to pay overtime compensation to Plaintiffs in violation of Labor Code §§ 510, 1198 and Section 3 of IWC Wage Order No. 4;

/ / /

> b.   failing to provide Plaintiffs with meal and rest periods or pay them proper compensation in violation of Labor Code §§ 226.7 and 512(a);
>
> c.   failing to maintain a system for paying meal and rest period premium wages to Plaintiffs;
>
> d.   failing to pay Plaintiffs all due and unpaid overtime wages upon termination in violation of Labor Code § 203;
>
> e.   misclassifying Plaintiffs as exempt from overtime under the FLSA and the Labor Code;
>
> f.   failing to pay overtime compensation to Plaintiffs in violation of the FLSA and the Labor Code; and
>
> g.   failing to provide complete and accurate itemized wage statements to Plaintiffs in violation of Labor Code § 226.

113.   Defendants' knowing failure to adopt policies in accordance with and/or to adhere to these laws all of which are binding upon and burdensome to their competitors, engenders an unfair and competitive advantage to Defendants, thereby constituting an unfair business practice under Cal. Bus. & Prof. Code §§ 17200-17208.

114.   Plaintiffs have suffered injury in fact and have lost money as a direct and proximate result of Defendants' unfair competition including, but not limited to, money due to them as overtime compensation, which money has been acquired by Defendants by means of their unfair competition within the meaning of the UCL.

115.   Pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Plaintiffs are entitled to (a) restitution of all wages and compensation alleged herein that Defendants withheld and retained during the period commencing four years prior to the filing of this action, (b) a permanent injunction prohibiting further violations of the type alleged herein for the period commencing four years prior to the filing of this action, (c) an award of reasonable attorneys' fees pursuant to Cal. Civ. Proc.

Code § 1021.5 and other applicable law, and (d) costs.  All remedies are cumulative pursuant to Cal. Bus & Prof. Code § 17205.

## SEVENTH CAUSE OF ACTION

### CALIFORNIA WAGE STATEMENT VIOLATIONS

### (In Violation of Cal. Lab. Code §§ 226, 226.3)

116.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

117.   At all times relevant hereto, pursuant to Labor Code § 226(a) Defendants have been required, semi-monthly or at the time of each payment of wages, to furnish Plaintiffs accurate itemized written statements containing all the information described in that statute including, but not limited to, the total hours worked by the employee.

118.   Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) by, among other things, knowingly and intentionally failing to furnish Plaintiffs with accurate itemized written statements showing their total hours worked.

119.   Defendants also failed to accurately record meal periods as described above, to pay meal period premium wages for missed meal periods, and to report those meal period premium payments on the wage statements of Plaintiffs.

120.   Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount of $4,000.

121.   As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs have been injured by, among other things, not receiving the information required by Labor Code § 226(a), not being paid for their overtime hours, not having records showing their total hours worked, not being able to

ascertain from their wage statements whether or how they have been lawfully compensated for all hours worked, being required to file or participate in this action in order to recover their wages and determine the amount of hours worked and wages due, and having no way to record all their time worked, with the substantial risk that even through this action they will not be able to recover all the compensation they should have been paid for all time worked.

122.   As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs may recover the damages and penalties provided for under Labor Code § 226(e), plus interest thereon, reasonable attorneys' fees, and costs.  In addition, Plaintiffs are entitled to injunctive relief to ensure compliance with this section, pursuant to Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

## ARIZONA WAGE ACT VIOLATIONS

### (In Violation of Arizona Revised Statutes §§ 23-350, 23-353)

123.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

124.   Plaintiffs were "employees" within the meaning of the AWA and are covered by the AWA.

125.   Defendants are an "employer" as the term is used by the AWA.

126.   Defendants employed Plaintiffs within the meaning of the AWA.

127.   ARS § 23-353 requires an employer to pay a terminated employee all wages due him within seven working days, or the end of the next regular pay period, whichever is sooner.

128.   ARS § 23-350 defines "wages" to include all "nondiscretionary compensation due an employee … for which the employee has a reasonable expectation to be paid."

129.   During their employment with Defendants, pursuant to Defendants' policy Plaintiffs accrued paid time off ("PTO").

{01312080;v1 }                                    22

130.   At the time Plaintiffs' employment with Defendants was terminated, Plaintiffs had accrued significant amounts of PTO that had not been used.

131.   Based on Defendants' policies and practices, Plaintiffs had a reasonable expectation that this accrued but unused PTO would be paid to them upon the termination of their employment.

132.   Defendants have failed and refused to pay Plaintiffs for their accrued but unused PTO after their termination.

133.   Defendants admitted, on multiple occasions, that Plaintiffs should have been paid for this accrued but unused PTO.

134.   Novak has been directly involved with the Plaintiffs' demands that they be paid for this accrued but unused PTO.

135.   As a direct and proximate result of Defendants' willful conduct in failing to pay Plaintiffs for all accrued but unused PTO upon termination, Plaintiffs are entitled to recover treble damages, in an amount to be determined at trial, together with interest thereon, and attorneys' fees and costs.

## NINTH CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

136.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

137.   Defendants told Plaintiffs, on multiple occasions, that they would be paid all earned wages throughout their employment, including without limitation accrued but unused PTO and overtime compensation.

138.   Those representations were false.

139.   Defendants intended that Plaintiffs rely on the above representations in deciding whether to work for, or remain employed with, TASM.

140.   Plaintiffs reasonably relied on the representations.

/ / /

/ / /

141.   Plaintiffs have been harmed by their reasonable reliance in that Defendants retained Plaintiffs' earned wages that Defendants represented would be paid to Plaintiffs.

142.   Plaintiffs' reliance on Defendants' false representations was a substantial factor in causing their harm.

143.   Plaintiffs have been harmed in an amount to be proven at trial, but at least in excess of the jurisdictional minimum of this Court.  These damages include compensatory damages, restitution, and unjust enrichment damages.

144.   Defendants were acting individually and on behalf of each other when they made each misrepresentation, and when one of them made a misrepresentation, the other ratified the representation and/or knew of the misrepresentation and failed to correct it.

145.   Defendants' actions were fraudulent, oppressive, and malicious and therefore warrant an award of punitive damages pursuant to Section 3294 of the California Civil Code.

## TENTH CAUSE OF ACTION
### UNJUST ENRICHMENT/QUANTUM MERUIT

146.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

147.   During the Look-Back Period, Defendants requested Plaintiffs perform services for the benefit of Defendants.

148.   Plaintiffs performed those services as requested.

149.   Defendants have not properly paid for those services which had value to Defendants.

150.   There was an unjust benefit to Defendants due to Defendants' actions in wrongfully and unlawfully failing to pay Plaintiffs wages owed including payment for accrued but unused PTO.

/ / /

151.   Defendants were under a duty to follow the applicable wage and hour laws, including the FLSA, the Labor Code, and the AWA.

152.   Defendants are/were in receipt of wages and/or monies which belonged to Plaintiffs.

153.   Defendants unjustly retained Plaintiffs' wages.

154.   Defendants' unjust enrichment was conscious, deliberate, intentional and/or malicious.

155.   As a direct result of Defendants' breach of applicable wage and hour laws, Plaintiffs suffered damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A.   A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law, among others:

1)   29 U.S.C. § 201, *et seq.* by failure to pay overtime compensation to Plaintiffs;

2)   Labor Code §§ 510, 1194, *et seq.*, 1198, and IWC Wage Order No. 4, by failure to pay overtime compensation to Plaintiffs;

3)   Labor Code § 203, by willful failure to pay all wages owed at the time of termination of employment;

4)   Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failure to pay overtime compensation due to Plaintiffs; by willfully failing to pay all compensation owed to Plaintiffs upon termination of employment; by willfully failing to provide legally compliant wage statements; and by failing to provide Plaintiffs with lawful meal and rest periods or proper compensation; and

     5)     Labor Code § 226(a), by failure to provide itemized written statements semi-monthly or at the time of payment of wages accurately showing all the information required by California state law including, but not limited to, total hours worked;

B.     A declaratory judgment that Defendants' violations as described herein were willful and/or knowing and intentional or with reckless disregard for the law;

C.     A declaratory judgment that Novak is an "employer" pursuant to 29 U.S.C. § 203(d) and, as such, is liable to Plaintiffs for the acts complained of herein;

D.     An equitable accounting to identify, locate, and restore to Plaintiffs the overtime wages due;

E.     An award to Plaintiffs of damages in the amount of unpaid overtime compensation, including interest thereon pursuant to Labor Code §§ 218.6 and 1194, Cal. Civ. Code §§ 3287, 3288, and 3289 and/or other applicable law, subject to proof at trial;

F.     An award of penalties owed, pursuant to Labor Code § 203, to Plaintiffs who separated from Defendants' employ without receiving all overtime compensation owed at the time of separation;

G.     An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs for Defendants' failure to pay legally required overtime pay (under state and federal law), and interest thereon, in an amount according to proof, pursuant to Cal. Bus. & Prof. Code § 17203 and other applicable law:

H.     An award to Plaintiffs of damages and/or penalties, including liquidated damages, to be paid by Defendants;

I.     An award to Plaintiffs of premium wages for meal and rest periods, according to proof;

J.     An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to the FLSA, Cal. Code of Civ. Proc. § 1021.5, Labor Code §§ 218.5, 226(e), 1194, the AWA and/or other applicable law;

K.     For civil penalties pursuant to Labor Code § 558 in the amount of $50 per employee for Defendants' initial violation and $100 per employee for each subsequent violation;

L.     For civil penalties individually and on behalf of Plaintiffs pursuant to Labor Code § 226.3 in the amount of $250 per employee for Defendants' initial violation and $1,000 per employee for each subsequent violation;

M.     That Plaintiffs be awarded interest accrued on their damages, including pre- and post-judgment interest, interest under Labor Code §§ 404, 1194, 1194.2, Cal. Civ. Code § 3287, and any other applicable law;

N.     For treble damages pursuant to the AWA;

O.     For punitive damages;

P.     Costs of action incurred herein, including expert fees; and

Q.     An award to Plaintiffs of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, in accordance with Federal Rules of Civil Procedure, Rule 38(b), hereby demand trial of their claims by jury to the extent authorized by law.


DATED: February 8, 2018          PEREZ VAUGHN & FEASBY


By:   /s/ Christopher W. Rowlett
          Christopher W. Rowlett
          Attorneys for Plaintiffs