John D. Vaughn, State Bar No. 171801
Christopher W. Rowlett, State Bar No. 257357
PEREZ VAUGHN & FEASBY
600 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.702.8044
Facsimile: 619.460.0437
E-Mail: vaughn@pvflaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VAN ALDRIDGE, an individual; and GERMAIN PARRA, an individual.<br><br>       Plaintiffs,<br><br>       v.<br><br>TECHNOLOGY AND SUPPLY MANAGEMENT, LLC a Virginia Limited Liability Company; SCOTT J. NOVAK, an individual, and DOES 1-10.<br><br>       Defendants. | Case No. 2:18-cv-01081-GW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:        January 17, 2019<br>Time:        8:30 a.m.<br>Courtroom: 9D |

{01693693;v1 }

Plaintiffs Van Aldridge and Germain Parra ("Plaintiffs") respectfully assert the following points and authorities in support of their Motion for Attorneys' Fees and Additional Costs.

## I. INTRODUCTION

As the prevailing party in a wage and hour case, Plaintiffs are entitled recover their attorneys' fees and costs under the applicable statutes. Defendants denied, and continue to deny, any and all liability stemming from Plaintiffs' claims. Plaintiffs filed two amended complaints, successfully opposed a motion to dismiss, researched and analyzed Defendants' defenses, conducted discovery, and ultimately resolved the matter at mediation. Plaintiffs' counsel is entitled to all of the reasonable attorneys' fees generated to date in this matter.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Van Aldridge worked for TASM as a logistician from June 2015 through August 2017. Plaintiff Germain Parra worked for TASM as a camera repair technician from February 2016 through August 2017. On February 8, 2018, Plaintiffs filed their Complaint. The Complaint alleged 10 causes of action, including violations of the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), the Arizona Wage Act ("AWA"), California's Unfair Competition Law, Intentional Misrepresentation, and Unjust Enrichment.

Plaintiffs allege that, *inter alia*, they were not paid overtime as required by federal and state law, were not given required meal and rest breaks, and were not paid all wages due at termination, including accrued but unused paid time off. (Second Amended Complaint, Doc. No. 34.) Defendants responded to the Complaint by asking Plaintiffs to dismiss all of their California and Arizona state law claims based on a Federal Enclaves defense. Plaintiffs extensively researched the issue, including the few pages of documents produced by Defendants related to this defense, and chose not to dismiss their claims.

On April 18, 2018, following a meet and confer process, Plaintiffs filed a

First Amended Complaint asserting the identical causes of action but including additional allegations. (Doc. No. 22.) Defendant Novak answered the First Amended Complaint on May 9, 2018. (Doc. No. 27.) On that same date, TASM filed a motion to dismiss three causes from the First Amended Complaint. (Doc. No. 28.) Plaintiffs opposed that motion, and after a hearing, the Court granted in part and denied in part that motion, and gave Plaintiffs leave to amend the First Amended Complaint. (Doc No. 33.) Plaintiffs further clarified their allegations, and on July 4, 2018 filed a Second Amended Complaint alleging the same 10 causes of action included in the original Complaint. (Doc. No. 34.) Both defendants answered the Second Amended Complaint denying certain allegations and asserting that federal law preempted most of Plaintiffs' claims. (Doc. Nos. 36, 37.)

The parties engaged in written discovery and worked over several months to schedule defendants' depositions. Defendants asserted unique defenses, the Federal Enclave Doctrine, that required additional legal and factual research. Multiple third-parties were interviewed in preparation for trial and a potential motion for summary adjudication. Declarations of those individual were secured and served.

On October 22, 2018, more than eight months after the commencement of this action, the parties attended a court-ordered mediation. To settle the dispute, TASM agreed to pay Plaintiffs a total of $43,635.78; $11,135.78 of which was paid via check to Plaintiffs and represented only the unpaid paid time off owed to Plaintiffs at the time of their termination, and the remaining $32,500.00 was taken in the form of a stipulated judgment in favor of Plaintiffs. In exchange, Plaintiffs agreed to dismiss their claims against Novak with prejudice.

Because Plaintiffs prevailed on their claims against TASM, they seek to recover attorneys' fees and costs incurred in this matter to date.

### III. LEGAL ARGUMENT

#### A. An Award of Attorneys' Fees Are Mandatory

Plaintiffs' claims for unpaid wages vindicate important rights governing the

payment of wages. Congress enacted the FLSA in 1938 to eliminate "labor conditions detrimental to maintaining minimum standards of living necessary for health, efficiency, and general well-being of workers." See *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 389 (9th Cir. 2011) aff'd., 132 S. Ct. 2156 (2012). Similarly, "California's labor statutes reflect a strong public policy in favor of full payment of wages for all hours worked." *Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314, 324 (2005); Cal. Labor Code § 90.5(a). Plaintiffs are also entitled to reasonable attorneys' fees and costs under the Arizona state law claims. *Alzate v. Creative Man Painting LLC*, No. 13-2129, 2015 WL 789727, at *3 (D. Ariz. Feb. 25, 2015) (citing Ariz. Rev. Stat. 12-341.01).

On October 22, 2018, the parties agreed to settle their claims. Defendant TASM agreed to pay Plaintiffs a total of $43,635.78 divided into an $11,135.78 cash payment and a stipulated judgment for $32,500.00 in favor of Plaintiffs. In exchange, Plaintiffs agreed to dismiss their claims against Novak with prejudice.

The FLSA provides that when an employee prevails in an action for back wages "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b) (emphasis added). The interpretation follows that an award of attorneys' fees is mandatory for a prevailing employee. *See Alyeska Pipeline v. Wilderness Society*, 421 U.S. 240, 261 fn.34 (1975) ("Other statutes which are mandatory in terms of awarding attorneys' fees include the Fair Labor Standards Act, 29 U.S.C. § 216(b)...."); *see also Yue Zhou v. Wang's Restaurant*, Case No. C 05-0279 PVT, 2007 WL 2298046 at *1 (N.D. Cal. Aug. 8, 2007) ("Because a court supervised settlement of FLSA overtime claims is ultimately reduced to a judgment, under the FLSA an award of reasonable fees is mandatory."). Indeed, "the intent behind §216(b) was to allow employees to obtain payment owed under the FLSA in court without the employee incurring legal fees and expenses, and to encourage attorneys to take FLSA cases." *Pickett v. Beard*,

3

Case No. 1:13—CV-0084 AWI BAM, 2014 WL 467330 at *5 (E.D. Cal. February 5, 2014).

Plaintiff is also entitled to recover his attorneys' fees under California and Arizona state law. See Cal. Labor Code § 1194(a); Ariz. Rev. Stat. 12-341.01. Because Plaintiffs seek attorneys' fees in federal court based on a state fee statute (i.e., Labor Code §1194 for unpaid overtime wages), state law on attorneys' fees controls. *See Alyeska Pipeline Service Co.*, 421 U.S. at 259, fn. 31 ("It would be at least anomalous if this policy could be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts.") (internal citation omitted); *MR0 Communications, Inc. v. AT&T Corp.*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (internal citation omitted); *Crommie v. PUC*, 840 F.Supp. 719, 721 (N.D. Cal. 1994)  Thus, Plaintiff's' right to recover reasonable attorneys' fees and costs under federal law includes their right to attorneys' fees and costs authorized by California law, Labor Code Section 1194 et. al., and the Arizona Wage Act.

### B. The Requested Fees Are Reasonable and Directly Related to Plaintiffs' Unpaid Wages Claims

Plaintiffs seek to recover $160,607.50 in attorneys' fees reasonably incurred prosecuting their claims for unpaid overtime wages and related penalty claims, and to recover the fees incurred in bringing this motion. Some of those fees were incurred preparing this motion, for which Plaintiffs must also be compensated. *See Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 981 (9th Cir. 2008) (time spent establishing entitlement to fees is compensable and such fees should also be determined using the lodestar approach).

The starting point for determining the amount of a fee award is "the number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The California Supreme Court in *Serrano v. Priest*, 20 Cal. 3d 25, 49, fn.23 (1977) (hereafter "Serrano III") described the lodestar method as follows:

"The starting point of every fee award, once it is recognized that the court's role in equity is to provide just compensation for the attorney, must be a calculation of the attorney's services in terms of the time he has expended on the case. Anchoring the analysis to this concept is the only way of approaching the problem that can claim objectivity, a claim which is obviously vital to the prestige of the bar and the courts." *Id.* (quoting *City of Detroit v. Grinnell Corp.*, 495 F. 2d 448, 470 (2d Cir. 1974)).

As the California Supreme Court explained in *Press v. Lucky Stores, Inc.,* 34 Cal.3d 311, 322 (1983), "Serrano III requires the trial court to first determine a `touchstone' or 'lodestar' figure based on 'a careful compilation of the time spent and the reasonable hourly compensation for each attorney . . . involved in the presentation of the case.'" Plaintiffs' counsels' lodestar for this entire case from its inception through the filing of this motion is set forth below:

| Name | Rate | Hours | Lodestar |
|---|---|---|---|
| John Vaughn | $495 | 22.20 | $10,989.00 |
| Peter Rosenzweig | $475 | 2.3 | $1,092.50 |
| Peter Rosenzweig | $490 | 137.3 | $67,277.00 |
| Christopher Rowlett | $450 | 158 | $75,600.00 |
| Paul Gagne | $465 | 12.4 | $5,766 |
| Joshua Voss | $360 | 0.3 | $108.00 |

"A 'strong presumption' exists that the lodestar figure represents a `reasonable fee'...." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987); *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992) (same).

5

Courts determine a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services. *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). The "reasonable hourly rate is not made by reference to the rates actually charged [by] the prevailing party . . . the starting point, for calculating attorney's fees is the prevailing market rate in the relevant community" (citations and quotations omitted). *United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated Employees of Asarco, Inc.*, 512 F.3 d 555, 564 (9th Cir. 2008).

Plaintiffs' requested hourly rates are $495 for 26-year attorney John Vaughn (Class of 1992); $490 for 21-year attorney Peter Rosenzweig (Class of 1997); $450 for 11-year attorney Christopher Rowlett (Class of 2007); $465 for 33-year attorney Paul Gagne (Class of 2002), $360 for 9-year attorney Joshua Voss (Class of 2009). As discussed below, these rates are commensurate with rates found to be reasonable by courts within this district, and the Court can rely on its own familiarity with the legal market in determining the prevailing rate for similar work. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-1211 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation").

The "relevant community" is typically the community in which the district court sits. *See Schwarz v. Sec'y of Health & Human Services*, 73 F.3d 895, 906 (9th Cir. 1995). As detailed in their supporting declarations, Plaintiffs' counsel has extensive wage and hour experience. See, e.g., Rosenzweig Decl. ¶¶ 8-18; Rowlett Decl., ¶ 6. Courts in this district have approved similar hourly rates for attorneys with similar experience as Plaintiff's counsel. *See, e.g., Gonzalez v. USF Reddaway, Inc.*, Case No. 5:10-CV-01514-AHM-OP (C.D. Cal. April 30, 2012) (approving hourly rate of $575 for an attorney with 10.8 years in practice in wage and hour action); *Castro v. UPS Ground Freight, Inc.*, Case No. CV 08-4898 ODW (CWx)

6

(C.D. Cal. September 10, 2009) (approving hourly rate of $500 for 2003 law school graduate in wage and hour action for work performed in 2008); *Charlebois v. Angels Baseball LP*, 993 F.Supp.2d 1109, 1118 (C.D. Cal. 2012) (approving in 2012 hourly rate of $450 for attorney with six years of experience for work performed in 2011); *Plows v. Rockwell Collins, Inc.*, Case No. SACV 10-1936 DOC (MANx) (C.D. Cal. August 6, 2012) (approving billable rate of $475 for 2004 law school graduate in wage and hour action for work performed in 2011).

Plaintiffs' counsel's requested billable rates are also appropriate under the *Laffey* Matrix. "One more general way to examine the reasonableness of hourly rates is to compare them to the Laffey Matrix...." *Bond v. Ferguson Enterprises, Inc.*, Case No. 1:09-cv-1662 OWW MJS, 2011 WL 2648879 at *12 (E.D. Cal. June 30, 2011). The *Laffey* Matrix has been used in this district. See, e.g., *Fernandez v. Victoria Secret Stores, LLC*, Case No. CV 06-04149 MIV1M SHX, 2008 WL 8150856, at *14 (C.D. Cal. July 21, 2008) ("Here, it is plaintiffs who propose that the *Laffey* matrix be used to approximate the lodestar. The court therefore accedes to their request."). According to the *Laffey* Matrix, for the period June 1, 2018 — May 31, 2019, a reasonable hourly rate is $371 for an attorney who is 1 to 3 years out of law school, $742 for an attorney who is 11 to 19 years out of law school, and $894 for an attorney with 20 or more years of experience. See Rowlett Decl., ¶ 10, Ex. 2. Plaintiffs' counsels' requested rates are well below these standards.

Plaintiffs' counsel submit that the requested hourly rates are reasonable based on their skill, subject matter expertise and experience, reputation, hourly rates for attorneys of similar experience in the Central District of California, and the *Laffey* Matrix. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (fee award should be based on using hourly rates that are "the prevailing market rates in the relevant community").

Mr. Vaughn is a founding partner of PVF. He has over 26 years of experience with a national trial and arbitration practice and expertise in complex commercial

7

litigation matters, securities fraud claims, employment disputes, FINRA arbitrations, injunction cases, unfair competition and trade secret cases, and general business litigation matters. From 2001 to 2011, Mr. Vaughn was a partner at Luce, Forward, Hamilton & Scripps LLP where he Chaired the firm-wide Complex Business Litigation Department. Mr. Vaughn joined McKenna, Long & Aldridge LLP as a partner in 2011 and founded and Chaired that firm's FINRA Dispute Resolution Practice Group. Mr. Vaughn's normal hourly rate is $585, but he agreed to a rate of $495/hour to represent Plaintiffs in this case. This rate is reasonable for Southern California for comparable attorneys. (Rowlett Decl., ¶¶ 9, 12, Ex. 2.) Mr. Vaughn spent 22.2 hours representing Plaintiffs in this matter through December 2018.

Mr. Rowlett obtained his law degree from the University of Michigan in 2007. He has over 11 years of litigation experience and is admitted to practice law in California and Michigan. He started his career as an associate in the Complex Business Litigation Department at Luce, Forward, Hamilton & Scripps LLP, and subsequently McKenna, Long & Aldridge LLP. He then returned to Michigan for a few years where he was a partner at Honigman Miller Schwartz & Cohn in Detroit, and a member of that firm's Labor and Employment Practice Group where he gained extensive wage and hour litigation experience. This rate is reasonable for Southern California for comparable attorneys. (Rowlett Decl., ¶ 6.) Mr. Rowlett spent 158 hours representing Plaintiffs in this matter through December 12, 2018. It is anticipated that Mr. Rowlett will spend an additional 10 hours relating to the present motion. Therefore, the total fee award for Mr. Rowlett's work on this matter should be $75,600. (*Id.* at ¶ 6, Ex. 1.)

Mr. Rosenzweig obtained his law degree *cum laude* from the University of Miami School of Law in 1997. He has over 21 years of litigation experience, including a great number of wage and hour matters for both employees and employers. During the past eight years, Mr. Rosenzweig has been lead counsel in 27 cases under the FLSA and various state wage and hour laws; 25 of which were

8

collective and class actions. Most notably, all of the FLSA collective and class actions cases involved Unmanned Aerial Vehicle/Unmanned Aerial Systems ("UAV/UAS") companies similar to TASM. Mr. Rosenzweig has extensive industry-specific knowledge and his consultation and participation in this lawsuit was imperative. Mr. Rosenzweig spent 139.6 hours representing Plaintiffs in this matter though November 30, 2018. Therefore, the total fee award for Mr. Rosenzweig's work on this matter should be 68,369.50. (Rosenzweig Decl., ¶¶ 8-16, Ex. A.)

Paul Gagne is a 1984 *cum laude* graduate of the University of Pennsylvania Law School where he was an Editor of the University of Pennsylvania Law Review. He is admitted to state bars of Pennsylvania and New Jersey. His practice focuses on complex commercial litigation, insurance coverage disputes, intellectual property counseling and litigation, employment law and constitutional litigation. Mr. Gagne spent 12.4 hours representing Plaintiffs in this matter through November 30, 2018. Therefore, the total fee award for Mr. Gagne's work on this matter should be $5,766.00. (Rosenzweig Decl. ¶ 18, Ex. A.)

Joshua Voss graduated *summa cum laude* from Drexel University Thomas R. Kline School of Law in 2009 where he was the Managing Editor of the Drexel Law Review. He served as a federal law clerk from 2009–2010 and since then has focused his practice on commercial law, government litigation and government investigations. He is admitted to state bars of Pennsylvania and New Jersey. Mr. Voss spent 0.3 hours representing Plaintiffs in this matter. Therefore, the total fee award for Mr. Voss's work on this matter should be $108.00. (Rosenzweig Dec., ¶ 17, Ex. A.)

### C. **WSC Is Entitled to Additional Costs**

In addition to attorneys' fees, Plaintiffs are also entitled to additional costs that were not included with its Bill of Costs. These include costs for a certificate of good standing, postage, overnight delivery expenses, photocopying expenses, and

legal research. These costs are proper California Code of Civil Procedure section 1033.5. Section 1033.5(a) lists costs that may be recovered. Further, "[a]n item not specifically allowable under subdivision (a) nor prohibited under subdivision (b) may nevertheless be recoverable in the discretion of the court if 'reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation.' " *Ladas v. Cal. State Auto. Assn.*, 19 Cal.App.4th 761, 774 (1993) (quoting Section 1033.5(c)(2)). Here, Plaintiffs seek an award of $884.24 in additional costs for (1) Mr. Rosenzweig's Certificate of Good Standing [$25.00]; (2) postage [$2.84]; (3) photocopying expenses [$312.75]; (4) overnight delivery expenses [$108.38]; and (5) legal research expenses [$435.27]. (Rosenzweig Decl., ¶ 45.) Each of these expenses were necessary for the prosecution of this case and should be awarded in addition to those awarded under the Bill of Costs filed by Plaintiffs. *See* Cal. Civ. Proc. Code § 1033.5; *see also Benach v. County of Los Angeles*, 149 Cal.App.4th 836, 857 (2007)

## IV. CONCLUSION

For all of these reasons, Plaintiffs' respectfully request that the Court grant their Motion for Attorneys' Fees and Additional Costs in its entirety. Plaintiffs respectfully request an award of $160,607.50 in reasonable attorneys' fees incurred in this action and $884.24 in additional costs incurred in this action.

DATED: December 12, 2018   PEREZ VAUGHN & FEASBY INC.

By: /s/ Christopher W. Rowlett
John D. Vaughn
Christopher W. Rowlett
Attorneys for Plaintiffs